# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GREGORY NORVILLE,

    Plaintiff,

v.

    No. CIV-98-1294 LH/DJS

NEW MEXICO PAROLE BOARD,
MR. ROLAND VIGIL, CHAIRMAN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed as frivolous.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges Plaintiff was arrested on forgery and fraud charges while on parole.

Defendants then wrongfully placed Plaintiff on "parole hold" in county jail instead of remanding him to the corrections department where he would be given a final revocation hearing. As a result, Plaintiff could not post bail or accumulate good time credits, in violation of his due process and equal protection rights. He seeks damages.

Defendant's answer correctly raises the affirmative defense of immunity. The Tenth Circuit held in *Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988), that a member of a parole board "is absolutely immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denial of parole." All of Plaintiff's allegations against Defendant Vigil describe actions taken during the course of official duties, and Defendant Vigil is thus absolutely immune to Plaintiff's suit for damages.

Plaintiff's claims against the Board itself are also barred. A claim for damages against a state agency is the same as a claim for damages against the State itself. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The complaint is thus barred by the Eleventh Amendment to the Constitution, which extends the sovereign immunity enjoyed by the States to actions in federal court. *See Griess v. Colorado*, 841 F.2d 1042, 1043-44 (10th Cir. 1988); *see also Heck v. Humphrey*, 512 U.S. 477 (1994); *Crow v. Penry*, 102 F.3d 1086 (10th Cir.1996). Plaintiff's claims for money damages against Defendant Parole Board will be dismissed as frivolous.

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED; an order shall be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

2